# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DARRELL HEATHCOE**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:22-cv-516-TFM-B |
| | ) |
| **PATRIOT TIMBER PRODUCTS, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiffs' Motion to Remand* (Doc. 7, filed 1/30/23). Plaintiffs move the Court to remand this matter back to state court claiming Defendants did not prove by a preponderance of evidence that the amount in controversy in this case exceeds $75,000.00 and that removal based on the denial of a request for admission is improper. Defendants filed respective responses and Plaintiffs filed a reply. Docs. 9, 10, 11. After careful consideration of the motion, responses, reply, and relevant law, the Court **GRANTS** the motion to remand (Doc. 7).

### I. BACKGROUND

This matter was originally filed in the Circuit Court of Mobile County, Alabama on September 14, 2022. Doc. 1-1. In the Complaint, Darrell Heathcoe ("Mr. Heathcoe") and Suzanne Heathcoe (collectively, "Plaintiffs") bring claims of negligence, wantonness, Alabama extended manufacturer's liability, breach of warranties of merchantability and fitness for a particular purpose, loss of consortium, fraud, and intentional infliction of emotional distress against Defendants Patriot Timber Products, Inc. ("Patriot"), Intertek Testing Services NA, Inc. ("Intertek Testing"), and Intertek USA, Inc. ("Intertek USA") (collectively, "Defendants"). *Id.* Plaintiffs request compensatory damages, punitive damages, and all costs and interests allowable by law,

but state no specific amount in the complaint. *Id*.

On December 30, 2022, Patriot removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1 at 2. On January 30, 2023, Plaintiffs filed the instant motion to remand. Doc. 7. In its Notice of Removal, Patriot states that the action became removable when Mr. Heathcoe served Patriot "with his responses to discovery in which he denied that the total damages claimed by him in this litigation was less than $75,000, exclusive of interest and costs." Doc. 1 at 2. In its response to the motion to remand, however, Patriot argues that the action was removable based on both the face of the complaint and Plaintiff's aforementioned discovery response. *See* Doc. 9. Intertek Testing and Intertek USA also filed a response to the motion to remand, in which they too argue that between the Plaintiffs' complaint and Mr. Heathcoe's responses to Patriot's requests for admissions, this action is removable. *See* Doc. 10. The Court finds oral argument is unnecessary and the motion is fully briefed and ripe for review.

## II.    STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of establishing federal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*,

327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

### III.    DISCUSSION AND ANALYSIS

Because this lawsuit began in state court, the Court's jurisdiction depends on the propriety of removal. Federal courts are directed to construe removal statutes strictly and to resolve all doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("[E]vents occurring after removal . . . do not oust the district court's jurisdiction."). Significantly, this means the Court may not consider damages accrued after removal. *See Burns*, 31 F.3d at 1097.

A defendant has 30 days after service of the initial pleading to remove a case. 28 U.S.C. § 1446(b)(1). In cases where the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, Patriot asserts that the case was not removable from the initial complaint but became removable after Plaintiffs served Patriot with discovery responses in which Mr. Heathcoe responded "deny" to a request to "[a]dmit or deny that the total damages you claim in this litigation are less than $75,000, exclusive of interests and costs." Doc. 1 at 2, Doc. 1-4 at 4.  In its response to the motion to remand, however, Patriot argues that the Court should consider the allegations in the initial complaint along with Mr. Heathcoe's discovery response to find that removal was proper.  *See* Doc. 9.  Thus, the Court must address first, whether a denial to a request for admission constitutes an "other paper" sufficient to establish the amount in controversy requirement for diversity jurisdiction, and second, whether this action was removable based on the initial complaint and removal was therefore untimely.

### A. A denial of a request for admission is not sufficient to establish the amount in controversy requirement and removal based on such denial was therefore improper.

As previously noted, in cases where the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Here, Patriot asserts that Mr. Heathcoe's denial to a request for admission is an "other paper" from which the action first became removable.  Doc. 1-1 at 2-3.

Other district courts in this circuit have specifically addressed whether the denial of a request for admission is sufficient to establish the amount in controversy for diversity jurisdiction. *See Harmon v. Wal-Mart Stores, Inc.*, Civ. Act. No. 3:08-cv-309-MEF, 2009 WL 707403, 2009 U.S. Dist. LEXIS 21040 (M.D. Ala. Mar. 16, 2009); *see also Charleston v. Horsley*, Civ. Act. No. 2:12-00183-KD-C, 2012 WL 3726760, 2012 U.S. Dist. LEXIS 121346, at * 19 (S.D. Ala. August 8, 2012) ("The denials at issue here do not constitute 'other paper,' received from the plaintiff, that

'provide the clear and unambiguous statement requirement to establish subject matter jurisdiction over this action.'"). In *Harmon*, the defendant requested the following admissions from the plaintiff:

> 1. That you do not claim in excess of $ 75,000.00 as total damages in this case.
>
> 2. That you do not intend to claim over $ 75,000.00 as total damages in this case.
>
> 3. That you will not seek over $ 75,000.00 in total damages in this case.
>
> 4. That you waive any about of damages ever entered in this case in excess of $ 75,000.00.
>
> 5. That you will not accept any award of damages over $ 75,000.00 in this case.
>
> 6. That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Wal-Mart Stores East, L.P. or any of its employees.

*Harmon*, 2009 U.S. Dist. LEXIS 21040, at *2-3. The plaintiff denied each of the requests for admission. *Id.* The defendant removed the case based on the plaintiff's denials. The court held that the plaintiff's denials of the requests for admission were insufficient to support jurisdiction. Specifically, the court noted:

> Defendant sought to prove the positive by eliciting a denial of the negative.
>
> Defendant cannot create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim the positive is admitted and conclusively determined.
>
> [. . .]
>
> In the context of a request for admission . . . when a party admits to a fact in response to a request for admission, that fact is conclusively established for purposes of the litigation. FED. R. CIV. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *see U.S. v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992). On the other [hand], the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute. FED. R. CIV. P. 36 advisory committee notes, 1970

> Amendment (describing the purpose of requests for admission as "to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial."). [. . .] Hence, Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.

*Id.* at 9-12.

Here, just as in *Harmon*, Mr. Heathcoe's denial of a request for admission is insufficient to establish the amount in controversy necessary for diversity jurisdiction. Accordingly, considering the "other paper" from which Patriot based the notice of removal, *see* Doc. 1, removal was procedurally defective and this case is due to be remanded.

Patriot further encourages the Court to consider the denial of the request for admission in tandem with the allegations contained in the complaint. The Court addresses the deficiencies in that argument below.

### B. Patriot's removal of this action was untimely because the action was removable based on the initial complaint.

In its response to the motion to remand, Patriot attempts to salvage its reliance on the denial of a request for admission as grounds for removal by encouraging the Court to also consider the allegations in the complaint as grounds for removal. Doc. 9. Because this was the first time Patriot indicated that it also relied on the complaint in removing the case, the Plaintiffs did not raise the timeliness issue as to removal based on the complaint until their reply. Doc. 11; *see also* Doc. 1-1 (stating that removal was proper pursuant to 28 U.S.C. § 1446(b)(3), "after receipt of discovery responses from which it ascertained the case is removable."). The Eleventh Circuit has previously held that a procedural defect argument not raised within 30 days of removal is waived. *See Shipley v. Helping Hands Therapy*, 996 F.3d 1157 (11th Cir. 2021). In *Shipley*, the plaintiff filed a timely motion to remand based on lack of subject matter jurisdiction. *Id.* at 1158. Then, in her reply,

which was submitted 54 days after the defendants filed the notice of removal, the plaintiff raised a procedural defect argument, claiming that the defendants did not file the notice of removal within 30 days after they knew the case was removable. *Id.* at 1159. The Eleventh Circuit held that the district court exceeded its authority by remanding the case because the remand was based on the plaintiff's untimely procedural defect argument, and district courts have authority to remand cases based only on either lack of subject matter jurisdiction, or a timely motion to remand due to a procedural defect. *Id.* at 1660-61.

The present case is distinguishable from *Shipley*. First, in the notice of removal, Patriot stated that removal was proper pursuant to 28 U.S.C. § 1446(b)(3), and that Patriot first ascertained the case was removable based on Mr. Heathcoe's denial of a request for admission. Doc. 1. There was no indication in the notice of removal that Defendants also were relying on the face of the complaint, therefore Plaintiffs had no reason to argue that removal was untimely in their motion to remand. The first instance that Plaintiffs, and this Court, had any notice that Defendants also intended to rely on the face on the complaint in removing the case was in Patriot's response to the motion to remand. *See* Doc. 9 ("The allegations contained in Plaintiffs' Complaint are demonstrative of what this case is about and the type (and amount) of damages sought in this case."). Thus, this case is distinguishable from *Shipley*, where the plaintiff had reason to raise the timeliness argument at the time the original motion to remand was filed but failed to do so. Furthermore, this Court already found that remand is proper based on the notice of removal and timely motion to remand because removal based on the denial of a request for admission is insufficient. As explained below, the Defendants may not now use the denial of a request for admission to attempt to extend their timeline for removing this case based on the initial complaint.

A defendant has 30 days after service of the initial pleading to remove a case. 28 U.S.C. § 1446(b)(1). In cases where the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may **first be ascertained** that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Thus, § 1446(b)(3) may only be used to remove a case that was not previously removable based on the initial pleading. To determine the amount in controversy, the Court is permitted:

> [T]o make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a complaint is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (internal quotation marks and citations omitted); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010) (noting that, in the absence of specific allegations as to the amount in controversy, reasonable deductions, inferences, or other extrapolations may be used to establish the amount in controversy requirement).

In its response to the motion to remand, Patriot lays out several allegations in the initial complaint which, Patriot self-servingly states, make it "difficult to imagine how anyone with a reasonable amount of experience in present day personal injury litigation involving products liability claims could conclude that the amount in controversy does not exceed $75,000 . . .." Doc. 9 at 3-4. Those allegations include: the severe effects that formaldehyde inhalation can have on health, such as gene mutations, birth defects, asthmatic responses, cancer, and other impacts on the immune and central nervous systems; that Mr. Heathcoe suffers permanent injuries from the

inhalation of formaldehyde and has incurred medical expenses, lost wages, pain, suffering, and mental anguish as a result of Defendants' conduct; that Defendants falsely mislead consumers about the plywood by suppressing material facts and failing to warn consumers about the serious health effects that could result from formaldehyde in the plywood; that Defendants intentionally, fraudulently, recklessly and/or negligently made material misrepresentations to Plaintiffs and other consumers that the plywood was safe; that Defendants' conduct was intentional, wanton, outrageous, and/or reckless; and that Defendants' conduct was so extreme in degree and so outrageous in character that it goes beyond all bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society.  *See* Doc. 1-1; Doc. 9 at 3-4.  Further, Plaintiffs' complaint includes a demand for compensatory and punitive damages.  Doc. 1-1 at 30, Doc. 9. at 4.

While Plaintiffs did not include a specific amount of damages in their demand, it is clear from the alleged severity of Plaintiffs' injuries, including but not limited to permanent injuries and health issues, lost wages, and loss of consortium, along with the demand for punitive damages, that the amount in controversy in this case exceeds $75,000.  The Defendants may not now rely on the complaint to show that the jurisdictional amount has been met in this case, while simultaneously claiming that the information in the complaint was insufficient to establish the jurisdictional amount and that removal is now timely based on "other papers" under 28 U.S.C. § 1446(b)(3).

The Court finds that, using reasonable deductions and inferences, this action was clearly removable based on the face on the complaint.  As previously noted, even Defendant states "it is difficult to imagine how anyone with a reasonable amount of experience in present day personal injury litigation involving products liability claims could conclude that the amount in controversy does not exceed $75,000."  Doc. 9 at 4.  That statement alone makes it clear the complaint provided

the basis for removal, not the subsequent denial to the request for admission. Accordingly, Defendants had until October 14, 2022 to file a notice of removal. Patriot did not file a notice of removal until December 30, 2022. Therefore, removal in this case was untimely and Plaintiffs' motion to remand is due to be granted.

It would appear that Defendants are attempting to cure this misstep by resetting the clock on removal through discovery. As Plaintiffs note, "Defendants want to have their cake and eat it, too." Doc. 11. This simply is not permitted or Defendants would have unlimited opportunities to remove an action every time they served new discovery responses. Put simply, their time has passed. Further, Defendants cannot amend their notice of removal through their response to the motion to remand, just as the plaintiff in *Shipley* could not amend her motion to remand through her reply. That, itself, is also untimely. Therefore, the Notice of Removal was procedurally defective. *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (holding that "timeliness of removal is a procedural defect—not a jurisdictional one"). Plaintiff timely filed a motion to remand. The Eleventh Circuit has frequently admonished the courts to construe and apply the removal statute strictly with all doubts resolved against removal and in favor of remand. *See Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Patriot accuses the Plaintiff of "gamesmanship" in its response, yet the same could be said of Defendants. Ultimately, the Court construes all doubts against removal and in favor of remand and finds the Complaint alone made it clear that the amount in controversy exceeds $75,000.

Because the notice of removal was procedurally defective, the Court need not analyze whether diversity of citizenship exists.

## IV.   CONCLUSION

Accordingly, based on the foregoing analysis, *Plaintiffs' Motion to Remand* (Doc. 7) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Mobile County, Alabama.

The Clerk of Court is **DIRECTED** to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this the 23rd day of May, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE